U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 2 2016

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAWN A. CLINE,<br>    Plaintiff,<br>v.<br>CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>    Defendant. | §<br>§<br>§  No. 3:15-CV-2715-K (BF)<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is the Commissioner's Motion to Dismiss [ECF No. 10]. For the reasons stated below, the undersigned respectfully recommends that the District Court GRANT the Motion to Dismiss [ECF No. 10].

## DISCUSSION

On August 19, 2015, Shawn A. Cline ("Plaintiff") filed his Complaint in the Northern District of Texas. *See* Compl. [ECF No. 3]. The entirety of Plaintiff's Complaint states as follows: "someone was preventing and changing my pin number in which I use my last 4 of my social since it's uniquely tied to my name and account. I believe it was someone in the Social Security office." *See id.* [ECF No. 3 at 1]. The Commissioner moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6) on the grounds that: (1) the Americans with Disabilities Act ("ADA"), the Social Security Act ("SSA"), nor any other statute waives the United States' immunity in this lawsuit; and (2) Plaintiff's Complaint fails to allege a permissible or plausible claim or suit against the United States under any statute and, therefore, the Complaint fails to state a claim upon which relief can be granted. *See* Mot. to Dismiss [ECF No. 10 at 2].

Plaintiff failed to file a response, and the time to do so has passed.

"'When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'" *Brown v. Peterson*, No. 7:03-CV-205-R, 2006 WL 349805, at *3 (N.D. Tex. Feb. 3, 2006) (quoting *Hamlett v. Ashcroft*, No. 3:03-CV-2202-M (BH), 2004 WL 813184, at *2 (N.D. Tex. Apr. 14, 2004); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Considering the Rule 12(b)(1) motion at the outset 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Id.* (quoting *Hamlett*, 2004 WL 813184, at *2). "When the court dismisses because the plaintiff lacks subject matter jurisdiction, that dismissal 'is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Hamlett*, 2004 WL 813184, at *2 (quoting *Ramming*, 281 F.3d at 161).

"Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution." *Peterson*, 2006 WL 349805, at *4 (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Id.* (citing *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998)).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate

the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the courts resolution of disputed facts." *Id.* (citing *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001)). "There are two types of challenges to a court's subject matter jurisdiction under Rule 12(b)(1): 'facial' attacks and 'factual' attacks." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Brooks v. Snow*, 313 F. Supp. 2d 654, 658 (S.D. Tex. 2004)). "A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the pleadings." *Id.* (citing *Weinberger*, 644 F.2d at 523). "When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject matter jurisdiction." *Id.* "By contrast, a Rule 12(b)(1) motion presents a factual attack when the motion is accompanied by supporting evidence that contradicts the jurisdictional allegations in the complaint." *Id.* "In a factual attack, the plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction." *Id.*

Here, the Commissioner challenges the Court's subject matter jurisdiction under Rule 12(b)(1) based on a facial attack. *See* Mot. to Dismiss [ECF No. 10 at 2]. The Commissioner argues that, while Plaintiff claims that the basis of jurisdiction is that the U.S. Government is the Defendant, and cites the ADA and the SSID Title XVI for his cause of action claiming that someone in the Social Security Office changed his pin number, neither statute provides protection or waiver, expressed or implied, for a suit against the United States for such a claim. *See id.* [ECF No. 10 at 5]; Civil Cover Sheet [ECF No. 3 at 2]. Furthermore, the Commissioner argues that the ADA does not apply to the United States since actions against the United States must be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. See id.* [ECF No. 10 at 5]. The Commissioner

argues that, while Plaintiff checked the boxes for the statutes which he claims gives the Court jurisdiction over this case, he has not and is not able to point to an expressed or implied waiver of immunity for his cause of action. *See id.* [ECF No. 10 at 6]. The Commissioner argues that this case should be dismissed under Rule 12(b)(1), because Plaintiff failed to meet his burden of demonstrating that the Court has subject matter jurisdiction over his claim. *See id.* [ECF No. 10 at 6]. Plaintiff failed to file a response which addresses the arguments raised in the Commissioner's motion.

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal quotation marks omitted)). Furthermore, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied. . . . Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal quotation marks omitted)). As the Commissioner points out, Plaintiff fails to demonstrate that the Court has subject matter jurisdiction under the standards discussed. Therefore, this case should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

---

1. Because this case should be dismissed pursuant to Rule 12(b)(1), the undersigned pretermits consideration of the Commissioner's Rule 12(b)(6) argument.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** the Commissioner's Motion to Dismiss [ECF No. 10].

**SO RECOMMENDED**, this 2 day of August, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).